UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DEMETRIC SCOTT,

        Plaintiff,

        v.                                   Case No. 20-cv-1619-bhl

ARNELL R. LUCAS,
CO WILBOURNE,
CO JOHN DOE 1-3,
DEPUTY INSPECTOR JOHN DOE,
and LT. JOHN DOE,

        Defendants.

## ORDER

Plaintiff Demetric Scott, who is confined at the Milwaukee Secure Detention Facility and representing himself, filed a complaint under 42 U.S.C. §1983 along with a motion for leave to proceed without prepaying the filing fee. (ECF Nos. 1, 2.) Under the Prison Litigation Reform Act (PLRA), a prisoner may not bring a civil action or appeal a civil judgment without prepaying the filing fee (*in forma pauperis*):

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. §1915(g). "Strikes" include any prisoner action dismissed on any of the three enumerated grounds both before and after the enactment of the PLRA. *Evans v. Ill. Dep't of Corrs.*, 150 F.3d 810, 811 (7th Cir. 1998) (citing *Abdul-Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996)).

Court records show that Scott has accumulated four strikes: (1) *Scott v. Clarke*, Case No. 12-cv-98-LA (E.D. Wis.), dismissed for failure to state a claim on March 21, 2012; (2) *Scott v. Clarke*, Case No. 17-cv-702-LA (E.D. Wis.), dismissed for failure to state a claim on July 25, 2017; (3) *Scott v. Humphrey*, Case No. 17-cv-719-LA (E.D. Wis.), dismissed for failure to state a claim on July 25, 2017; (4) and *Scott v. Buteyn*, Case. No. 17-cv-720-LA (E.D. Wis.), dismissed for failure to state a claim on July 25, 2017. Because Scott has previously filed at least three actions that were dismissed as frivolous,

malicious, or for failure to state a claim, the Court must deny his motion for leave to proceed without prepaying of the filing fee unless he is under imminent danger of serious physical injury.

In order to meet the imminent danger requirement of 28 U.S.C. §1915(g), a plaintiff must allege a physical injury that is imminent or occurring at the time the complaint is filed, and the threat or prison condition causing the physical injury must be real and proximate. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)). "Allegations of past harm do not suffice" to show imminent danger. *Id.* at 330 (citing *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003)). Generally, courts "deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous." *Id.* at 331 (citing *Heimerman*, 337 F.3d at 782).

In his complaint, Scott alleges that he was placed in segregation for a minor infraction when he was confined at the Milwaukee County Jail and that the conditions were barbaric and unconstitutional. Scott is no longer confined at the Milwaukee County Jail. His allegations of past harm do not meet the imminent danger requirement. Accordingly, the Court will deny Scott's motion for leave to proceed without prepaying the filing fee.

If Scott wants to proceed with this case, he must pay the full civil filing fee of $400.00 (the sum of the $350.00 filing fee and the $50.00 administrative fee) within fourteen days of this order. *Newlin v. Helman*, 123 F.3d 429, 433-34 (7th Cir. 1997), *rev'd on other grounds by Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000), and *Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000); 7th Cir. R. 3(b). The Court will dismiss this case if Scott does not pay the full filing fee within fourteen days, that is, by **November 13, 2020**. If the Court receives the full filing fee by **November 13, 2020**, the Court will screen the complaint under 28 U.S.C. §1915A.

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed without prepayment of the filing fee (ECF No. 2) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff shall forward to the clerk of this court the sum of $400.00 as the full filing fee in this case by **November 13, 2020**. The payment shall be clearly identified by the case name and number assigned to this action. The plaintiff's failure to comply with this order will result in dismissal of this case.

Dated at Milwaukee, Wisconsin this 29th day of October, 2020.

s/ Brett H. Ludwig
Brett H. Ludwig
United States District Judge

2